# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC<br>11112 John Galt Boulevard<br>Omaha, NE 68137-2385<br><br>   Plaintiffs,<br><br>  v.<br><br>SCHMIDT BUILDERS, LLC<br>Registered Agent Alan Schmidt Jr.<br>9679 Cincinnati-Columbus Road<br>Cincinnati, OH 45241<br><br>SCHMIDT BUILDERS, INC.<br>Registered Agent Alan Schmidt Sr.<br>10094 Cliffwood CT<br>Cincinnati OH 45241<br><br>SCHMIDT HOMES, INC.<br>Registered Agent Alan Schmidt Jr.<br>9679 Cincinnati-Columbus Road<br>Cincinnati, OH 45241<br><br>ALAN SCHMIDT CONSTRUCTION, INC.<br>Registered Agent Alan Schmidt Sr.<br>10094 Cliffwood CT<br>Cincinnati OH 45241<br><br>ALAN SCHMIDT HOMES, INC.<br>Registered Agent Alan Schmidt Sr.<br>10094 Cliffwood CT<br>Cincinnati OH 45241<br><br>BLACKSTONE DEVELOPMENT, LLC<br>Registered Agent Alan Schmidt Jr.<br>9679 Cincinnati-Columbus Road<br>Cincinnati, OH 45241 | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | Case No. _____<br><br>Hon. _____<br><br>Douglas M. Morehart (OH 0038668)<br>Haverkamp, Riehl, & Michel, Co.,<br>5856 Glenway Avenue<br>Cincinnati, OH 45238<br>Tel: 513-922-3200<br>Fax: 513-922-8096<br><br>Dana A. LeJune (TX 12188250)<br>Email: dlejune@triallawyers.net<br>LeJune Law Firm<br>6525 Washington Avenue, Suite 300<br>Houston, TX 77007<br>Telephone: (713) 942-9898<br>Fax: (713) 942-9899<br><br>Attorneys for Plaintiff<br>Design Basics, LLC |

1

STONEWOOD DEVELOPMENT, LLC
Registered Agent Alan Schmidt Jr
9679 Cincinnati-Columbus Road
Cincinnati, OH 45241

MIAMISBURG DEVELOPMENT, LLC
Registered Agent Alan Schmidt Jr
9679 Cincinnati-Columbus Road
Cincinnati, OH 45241

HERITAGE LAND, LLC
Registered Agent Alan Schmidt Jr
9679 Cincinnati-Columbus Road
Cincinnati, OH 45241

ALAN G. SCHMIDT JR
4339 E. Chase Run
Liberty TWP, OH 45011

ALAN G. SCHMIDT SR
9557 Short Line CT
West Chester, OH   45241
RICHARD BONETT
4282 Stone Meadow Dr
Liberty TWP, OH 45011

**ORIGINAL COMPLAINT**

Plaintiff, Design Basics, LLC ("DB or "Plaintiff") by and through its attorneys, Dana A. LeJune and Douglas Morehart, file this cause of action against the Defendants, Schmidt Builders, LLC ("SBL"); Schmidt Builders, Inc. ("SBI"); Schmidt Homes, Inc. ("SHI"), Alan Schmidt Construction, Inc. ("ASCI"); Alan Schmidt Homes, Inc. ("ASHI"); Blackstone Development, Inc. ("BDI"); Stonewood Development, LLC ("SDL"); Miamisburg Development, LLC ("MDL"); and Heritage Land, LLC ("HLL") (collectively the "Entity Defendants"); as well as against the Defendants Alan G. Schmidt, Jr, individually ("Schmidt JR"); Alan G. Schmidt SR, individually ("Schmidt SR") and Richard Bonett, individually ("Bonett")(collectively, the

2

"Individual Defendants")(all parties together – the Entity Defendants and Individual Defendants – henceforward will be collectively referred to as "Defendants") and show:

Jurisdiction and Venue

1. The Court has subject matter jurisdiction in this action pursuant to 28 USC §1331 and §1338(a) as this case arises under the U.S. Copyright Act.

2. Venue is proper in this Court pursuant to 28 USC §1400(a) as the Defendants reside and/or maintain a principal place of business in this District.

**Parties**

3. Plaintiff, DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

4. The Defendant, SBL is a for-profit Ohio limited liability company with its principal office located in Cincinnati, Ohio. SBL is in the business of marketing, development, construction and sales of residential houses. SBL is registered for service at the above-captioned address.

5. The Defendant, SBI is a for-profit Ohio corporation with its principal office located in Cincinnati, OH. SBI is in the business of marketing, development, construction, and sales of residential houses. SBI is registered for service at the above-captioned address.

6. SHI is a for-profit Ohio Corporation with its principal office located in Cincinnati, Ohio. SHI is in the business of marketing, development, construction, and sales of residential houses. SHI is registered for service at the above-captioned address.

7. ASCI is a for-profit Ohio corporation with its principal office located in Cincinnati, Ohio. ASCI is in the business of marketing, development, construction and sales of residential houses. ASCI is registered for service at the above-captioned address.

8. ASHI is a for-profit Ohio corporation with its principal office located in Cincinnati, Ohio. ASHI is in the business of marketing, development, construction and sales of residential houses. ASHI is registered for service at the above-captioned address.

9. BDI is a for-profit Ohio limited liability company with its principal office located in Cincinnati, Ohio. BDI s in the business of marketing, development, and sales of residential houses, lots, and subdivisions. DBI is registered for service at the above-captioned address.

10. SDL is a for-profit Ohio limited liability company with its principal office located in Cincinnati, Ohio. SDL is in the business of marketing, development, and sales of residential houses, lots, and subdivisions. SDL is registered for service at the above-captioned address.

11. MDL is a for-profit Ohio limited liability company with its principal office located in Cincinnati, Ohio. MDL is in the business of marketing, development, and sales of residential houses, lots, and subdivisions. MDL is registered for service at the above-captioned address.

12. HLL is a for-profit Ohio limited liability company with its principal office located in Cincinnati, Ohio. HLL s in the business of marketing, development, and sales of residential houses, lots, and subdivisions. HLL is registered for service at the above-captioned address.

13. Schmidt Jr is an individual, and an officer, director, manager and/or principal of SBL, SHI, BDI, SDL, MDL, and/or HLL who resides in Liberty TWP, Ohio.

14. Schmidt Sr is an individual, and an officer, director, manager and/or principal of SBI, ASCI, and/or ASHI who resides in West Chester, Ohio.

15. Bonett is an individual and lead architectural designer, officer, director, manager and/or principal of SBL who resides in Liberty TWP, Ohio.

**Facts**

16.     Since the early 1980's, DB has been a major publisher of plan catalogs, in which its works are marketed. Since the advent of the internet, DB has marketed its works through publishing its designs on DB's website, www.designbasics.com, and through its marketing partners. Consequently, DB's designs have become ubiquitous in the marketplace.

17.     DB is the sole original author and owner of a large number of architectural works, including those entitled the "2236 Bermier" (or the "Copyrighted Work").

18.     **Exhibit 1** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB 2236 the "Bermier;"

19.     The Copyrighted Work described in paragraphs 18 above was independently created by – and are original to – DB and PPI. In creating these works, DB met the required "minimal degree of creativity" in architectural design, both as pictorial works and to the design itself as an architectural work.

20.     Pursuant to the U.S. Copyright Act §101, an "architectural work" protected under the Act includes "the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings."

21.     Pursuant to the U.S. Copyright Act, 17 U.S.C. §101, the scope of protection afforded architectural works under the Act "include the overall form as well as the arrangement and composition of spaces and elements in the design, but does not included individual standard features."

22.     Consequently, pursuant to 17 U.S.C. §101, DB does not claim any copyright protection over any individual standard features contained with the Copyrighted Work identified in paragraph 18 above, such as individual doors, windows, walls, closets, bathrooms, trims,

finishes, cabinets or fixtures, when considered individually and separately apart from the overall architectural work.

23. Generally and without exclusivity or limitation, the arrangement and composition of the spaces and elements, taken together, as a whole, considering the overall form of the Copyrighted Work (the plans for which, are attached hereto and incorporated herein in their entirety), are protectable under the U.S. Copyright Act as follows:

   a. First floor, consisting, *et al*., of five rooms (a master bedroom, dining room, kitchen, breakfast room, and great room); two bathrooms (a master bath with whirlpool bath, double sink and walk-in closet; and a half bath); three closets (a master closet and two coat/linen closets); entry/foyer; stairway; laundry room, pantry; desk, fireplace; covered porch; a two-car garage; windows; doors; cabinets; fixtures; and counters.

      i. Overall location in two-dimensional plan of virtually every single room and its associated relationships with other spaces and elements;

      ii. Location of virtually every room in overall three-dimensional relationship of spaces;

      iii. Plan program; i.e. the number of rooms and elements;

      iv. Relative feature and fixture locations;

      v. Stair configuration and location;

      vi. Locations of interstitial space (e.g. halls/gallery or alcoves);

   b. Second floor, consisting, *et al*., of three bedrooms; one bathroom; hallway; attic/potential bonus space; three closets; windows; doors; cabinets; fixtures; and counters.

      i. Overall location in two-dimensional plan of virtually every single room and its associated relationships with other spaces and elements;

      ii. Location of virtually every room in overall three-dimensional relationship of spaces;

      iii. Plan program; i.e. the number of rooms and elements;

      iv. Relative feature and fixture locations;

      v. Stair configuration and location;

      vi. Locations of interstitial space (e.g. hallway and alcoves);

  c. Front elevation

      i. Large massing

      ii. Smaller massing

      iii. Gable locations

      iv. Relative window locations

      v. Relative door locations

  d. The three-dimensional alignment of spaces and elements of the first floor, second floor, as well as the outside elevations in large massing, small massing, fenestrations and openings.

24. Defendants engaged, at least in part, in the business of drafting, publishing, distributing, and advertising residential home designs through traditional print media and on the internet on sites such as www.schmidtbuilders.com. On September 2, 2015 Plaintiffs first became aware that the Defendants had violated their copyrights in one or more distinct ways. On said date, while in Cincinnati for unrelated business, a DB employee saw several constructed infringements of its Copyrighted Work in a neighborhood in the greater-Cincinnati neighborhood. Subsequently DB discovered that said house had been constructed by "Schmidt Builders," prompting DB to visit the website www.schmidtbuilders.com. On said website, DB saw plans for Defendants' "Jamestown II" being advertised and/or marketed by Defendants, and

7

DB preserved such advertisements by making screen captures (**Exhibit 2**). The works discovered at that time were:

25. Since October 17, 1995, Defendants[1] have collectively ordered and received at least eight (8) of DB's plan catalogs and purchased a construction license for one (1) DB plan and an advertising license for one (1) of DB's plan designs. The specific Copyrighted Work at issue in this case was within one or more of the design plan catalogs ordered and received by Defendants. Despite this, when DB checked its records, it found that none of the Defendants had ever licensed the Copyrighted Work. Attached hereto as **Exhibit 3** is Defendants' Customer Order History forms with DB.

26. The Copyrighted Work within these plan catalogs and/or publications which were mailed to and received by Defendants, prominently displayed DB's copyright management information ("CMI"), ensuring that anyone who received said plan catalogs and/or publications knows that DB owns all rights and title to the Copyrighted Work. Additionally, each of these plan catalogs prominently displays the URL for DB's website, and explains that without the purchase of a license, use of the designs displayed in the catalogs is copyright infringement. (**Exhibit 4**).

27. Additionally, all of DB's plan designs, including the Copyrighted Work, have been marketed for years on a nationwide basis, including in this District, by means of the widespread distribution of design plan catalogs, periodicals, and other publications including by third-party marketers, as well as through internet marketing efforts, including but not limited to the website, www.designbasics.com. At all times material to this case, Defendants have had a reasonable opportunity to have viewed the Copyrighted Work.

---

[1] Through their principal and individual Defendants, Alan Schmidt. Jr.

28. In addition to posting infringing copies of DB's Copyrighted Work on Defendants' website for the purposes of advertising, marketing, and promotion, on information and belief, one or more of the Defendants received revenue attributable to the construction, marketing, and/or sale of one or more three-dimensional infringing copies (houses) of this work, and/or from the development of subdivisions where such revenue was realized through the sales of lots.

29. Each three-dimensional copies constructed by Defendants, as alleged in paragraph 24 above, constitutes a derivative work infringing on DB copyright-protected work in violation of 17 U.S.C. §§106(2) and 501.

**Contributory and/or Vicarious Liability of Principals**

30. Because the Individual Defendants are principals, owners, officers, and/or manages of the Entity Defendants, or otherwise had control of them, they had knowledge of the Entity Defendants' infringing activities, and/or materially contributed to the infringement by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of the Entity Defendant's copying, distributing, marketing, construction, and/or sales of known infringing designs and houses.

31. The conduct of the Entity Defendants described above, was performed and/or accomplished through the direction, control and conduct of the Individual Defendants personally, as owners, officers, directors and/or managers of the Entity Defendants. The Individual Defendants had the right and ability to supervise the infringing activities, including but not limited to preventing the Entity Defendants from infringing DB's Copyrighted Work, and/or stopping the infringements once they began. Additionally, on information and belief, the Individual Defendants received direct financial benefit from the acts of infringement by the

9

Entity Defendants. Accordingly, Individual Defendants are personally liable to DB as joint and/or contributory infringers, or are otherwise vicariously liable.

32. The illicit acts of the Defendants, described in paragraphs 24 through 29 above were done without permission or license from DB, and in violation of DB's exclusive copyrights in said work.

33. Upon information and belief, Defendants have infringed DB's copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of discovery.

### Causes of Action for Non-Willful Copyright Infringement
### Count One

34. DB re-alleges and incorporates paragraphs 1 through 33 above as if fully set forth herein

35. Defendants, without knowledge or intent, infringed DB's copyrights in DB's Work identified and described in paragraphs 18 through 23 above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Two

36. DB re-alleges and incorporates paragraphs 1 through 33 above as if fully set forth herein.

37. Defendants, without knowledge or intent, infringed DB's copyright in DB's Work identified and described in paragraphs 18 through 23 above, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on

information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Three

38. DB re-alleges and incorporates paragraphs 1 through 33 above as if fully set forth herein.

39. Defendants, without knowledge or intent, infringed DB's copyrights in DB's Work identified and described in paragraphs 18 through 23 above, by creating derivatives of DB's work in the form of two dimensional plans and fully constructed residences, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Four

40. DB re-alleges and incorporates paragraphs 1 through 33 above as if fully set forth herein.

41. Defendants, without knowledge or intent, infringed DB's copyrights in DB's Work identified and described in paragraphs 18 through 23 above, by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Alternative Causes of Action for Willful Copyright Infringement
### Count Five

42. DB re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein.

43. Alternatively, Defendants willfully infringed DB's copyrights in DB's Work identified and described in paragraphs 18 through 23 above, by scanning, copying, and/or

reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief have done so with others of DB's works which are as yet undiscovered.

### Count Six

44. DB re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein.

45. Alternatively, Defendants willfully infringed DB's copyrights in DB's Work identified and described in paragraphs 18 through 23 above, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Count Seven

46. DB re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein.

47. Alternatively, Defendants willfully infringed DB's copyrights in DB's Work identified and described in paragraphs 18 through 23 above, by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Count Eight

48. DB re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein.

49. Alternatively, Defendants willfully infringed DB's copyright in DB's Work identified and described in paragraphs 18 through 23 above, by advertising, marketing and/or

selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3) and on information and belief, have done so with others of DB's works which are as yet undiscovered.

### Violations of DMCA § 1202
### Count Nine

50. DB re-alleges and incorporates paragraphs 1 through 49 above as if fully set forth herein. Additionally and alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

51. In creating the drawings identified above, one or more of said Defendants intentionally removed and omitted DB's copyright management information ("CMI"), or had them removed or omitted from copies of DB's Copyrighted Work.

52. One or more of said Defendants thereafter distributed copies or derivatives of such works knowing that such CMI had been removed or omitted without authorization.

53. At the time said Defendants removed DB's CMI from copies of their works, and at the time they distributed copies of the works from which the CMI had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate or conceal the infringement of DB's copyrights.

54. DB is entitled and seek to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

55. Pursuant to 17 U.S.C. §1203(b)(5), DB is entitled to and seeks to recover its reasonable attorneys' fees.

**Conclusion and Prayer**

WHEREFORE, DB deamnds that judgment be entered in its favor and against the Defendants jointly and severally, as follows:

A. For an accounting by Defendants of their activities in connection with their infringements of DB's copyrights in and to the above-described work, as well as of the gross profits and revenue attributable to their infringement(s);

B. For DB's actual damages, in an amount to be determined at trial;

C. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

D. In the alternative, at DB's option an award of statutory damages in lieu of actual damages for the infringement of its Work described above, in an amount to be determined at trial;

E. An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

F. DB's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

G. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing DB's copyrights in any manner whatsoever, including the advertising, marketing, construction,

and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of DB's plans and/or derivatives thereof;

H. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe DB's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I. An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; and

J. For such other relief as the Court determines to be just and equitable.

Date: <u>August 24, 2018</u>                 **LEJUNE LAW FIRM**

By: /S **Dana A. LeJune**
Dana A. LeJune
Texas Bar No.: 12188250
email: dlejune@triallawyers.net
6525 Washington Avenue
Suite 300
Houston, Texas 77007
Tel: 713.942.9898 Telephone
Fax: 713.942.9899 Facsimile

                        **HAVERKAMP, RIEHL, & MICHEL, CO., LPA**

By:   ***/s/ Douglas M. Morehart***
       Douglas M. Morehart
       Ohio Bar No.: 0038668
       Admitted in S.D. of Ohio
       email: dmorehart@hrm-law.com
       5856 Glenway Avenue
       Cincinnati, Ohio 45238
       Tel:  513-922-3200
       Fax:  513-922-8096

## **JURY DEMAND**

Plaintiff Design Basics, LLC demands trial by jury.

By:   /S **Dana A. LeJune**
       Dana A. LeJune
       An Attorney for Plaintiff,
       Design Basics, LLC

16